UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CHENELL HAMMOND, <br><br> Plaintiff, <br><br> v. <br><br> K-MART, INC. AND SEARS HOLDINGS CORPORATION, <br><br> Defendants. | C.A. No.: |

## COMPLAINT

Plaintiff, Chenell Hammond, hereby files this complaint to recover for racial discrimination caused by the Defendants.

### PARTIES

1. Chenell Hammond is an individual who resides in Roxbury, Massachusetts.

2. K-Mart is a corporation with a place of business located in Braintree, Massachusetts.

3. Sears Holding Corporation is an entity with a place of business located at 3333 Beverly Road, Hoffman Estates, Illinois.

### JURISIDICTION AND VENUE

4. Jurisdiction over this matter exists pursuant to 28. U.S.C. § 1331.

5. Venue is appropriate pursuant to 28 U.S.C. § 1392 (b).

## ALLEGATIONS

6. Ms. Hammond shopped at the K-Mart store on November 21, 2012. She attempted to place several articles on "lay away." To do so they she needed to communicate with the white, female sales associates at the lay away desk.

7. While interacting with Ms. Hammond, the sales associate uttered a series of insulting racial slurs and comments.

8. Several comments originated when Ms. Hammond provided the associate with an identification card. It indicated that Ms. Hammond lived in Roxbury which is a section of Boston, Massachusetts. Roxbury has a high population of African Americans.

9. After seeing that location, the sales associate said that if Ms. Hammond is from Roxbury, she will be "jumping the counter" to get what she needs from the associate.

10. The associate also commented out loud that she believed the identification card to be a "liquor ID." She said it in a sarcastic manner.

11. Her comment suggested that Ms. Hammond had obtained the identification card only to go drinking. That comment derived from the associate's racist belief that African American individuals like Ms. Hammond possess the need to drink.

12. Ms. Hammond, however, obtained the identification card only because she does not possess a driver's license.

13. Ms. Hammond also is not a teenager. She had been present at the counter with her two children when the associate made her insulting comments. The children's presence made the associate's comment even more humiliating.

14. This sales associate's comments continued. After seeing the identification card, she indicated that she had lived in Dorchester, Massachusetts. Dorchester is located next to Roxbury.

15. The sales associate then stated that she needed to move out of Dorchester because several "porch monkeys" had lived in her area. She then went on to say that these "porch monkeys" had fired gun shots through her window. For that reason these "porch monkeys" had caused her to dive under her bed for protection.

16. After making these racially insulting comments, she then spoke to Ms. Hammond about the public housing project in Weymouth, Massachusetts. The associate indicated that she lived in Weymouth which is a primarily white community.

17. The associate assumed that Ms. Hammond had been familiar with this housing project. She had never even seen it.

18. The associate then stated that she could receive "action" in her neighborhood only from that project. She had been indicating that any criminal or other similar activity would originate from the project which she inferred had been populated by African Americans.

19. The associate's comments had been racially demeaning, insulting, rude, and discriminatory to Ms. Hammond. The sales associate possessed a mindset where she simply believed that African Americans had been inferior to white people. The way she communicated her comments continuously and without concern demonstrated that she clearly is a racist.

20. Even more stunning is that K-Mart did not terminate this individual well before November 21, 2012. The associate's comments reflected a deep racial discriminatory animus.

21. Upon information and belief, the comments which she had made to Ms. Hammond had been made by her many times before to other African American customers.

22. The utterance of just one such comment would have mandated her dismissal. She, however, made several such comments just when servicing and Ms. Hammond. K-Mart's employment of this associate had been wrongful and disgraceful.

23. Ms. Hammond had been humiliated and deeply offended by the comments of the sales associate. The comments reflected a sentiment by K-Mart that Ms. Hammond had been poor, inferior and violent simply because she is African American.

24. The impact of the comments is even more severe because they had been made in front of Ms. Hammond's children.

Count I
(Racial Discrimination By Both Defendants; 42 U.S.C. § 1981)

25. Ms. Hammond incorporates the allegations of Paragraphs 1 through 24 as if fully set forth herein.

26. Defendants subjected Ms. Hammond to racial harassment and discrimination;

27. As a result, Ms. Hammond has been damaged in an amount exceeding $100,000.

## Count II
### (Negligent Infliction of Emotional Distress)

28. Ms. Hammond incorporates the allegations of Paragraphs 1 through 27 as if fully set forth herein.

29. Defendants engaged negligently as to acts which caused emotional and physical harm to Ms. Hammond.

30. As a result these Defendants' conduct, Ms. Hammond has suffered monetary loss and severe emotional and physical distress.

WHEREFORE, Plaintiff prays that the Court:

1. Enter judgment on Count I in favor of the Plaintiff and against the Defendants in an amount to be determined at trial;

2. Enter judgment on Count II in favor of the Plaintiff and against the Defendants in an amount to be determined at trial;

3. Award Ms. Hammond punitive damages;

4. Award Ms. Hammond interest and costs, which include attorney's fees; and

5. Award such other and further relief as the court deems appropriate.

MS. HAMMOND CLAIMS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

        CHENELL HAMMOND,

        By her attorney,

        LAW OFFICE OF CHRISTOPHER J. TROMBETTA

        /s/ Christopher J. Trombetta
        Christopher J. Trombetta (BBO# 556923)
        310 North Main Street, Suite 6
        Mansfield, MA  02048
        (508) 339-5900 – Phone
        (508) 339-3111 – Facsimile
        chris@trombettalaw.com

Dated:  January 14, 2013